*PARKER* vs. *STARKWEATHER.*

Eastern Dist
*January*1829

APPEAL from the court of the 1st district.

PORTER, J. delivered the opinion of the court. The defendant took a rule on the sheriff to shew cause why he should not surrender up a quantity of blacksmith's tools, an utensils which he had seized under an execution issued in this case. The court after hearing the parties, made the rule absolute; and the plaintiff appealed.

*Artisans have no right to protect more tools from seizure on a ft. fa. than those which are necessary to their livelyhood*

*The landlord has a privilege on the tools of a tradesman found on the premises, for the payment of rent.*

The appellant has urged in this court, that the judge below erred in releasing the articles seized from seizure, without any evidence to shew that they were necessary to the livelihood of the defendant, and he has urged from the great number of articles contained in the inventory returned by the sheriff, that they could not be all required to enable the defendant to carry on his trade.

We are inclined to think the construction contended for by the plaintiff is correct, and that such evidence should be given. The object of the law was to secure to citizens and others, the means of labouring at their trade or profession, and they cannot avail themselves of this provision to put more property than is

EasternDist.
January1829

PARKER
*vs.*
STARKWEA-
THER.

necessary for that purpose out of the reach of their creditors.

But in this case we are unable to reverse the judgment of the inferior court on that ground, for there is no statement on what evidence the rule was decided.

The plaintiff however urges errors of law apparent on the face of the record, which could not have been cured by any evidence given below. The judgment was rendered for rent, and the law, he contends, authorises the seizure of tools and utensils to satisfy a debt of this description.

The code of practice, on which the exemption is claimed, is in these words "The sheriff cannot seize————the tools and instruments necessary for the exercise of the trade or profession by which the debtor gains a living." *Code of prac.* 644.

Those of the civil code on which the plaintiff relies, are as follow: "The lessor has for the payment of his rent and other obligations of the lease, a right of pledge on the moveable effects of the lessee which are found on the property leased." *La. Code,* 2675.

This right of pledge the plaintiff contends, is the right to retain the article pledged unti

payment is made of the debt; and as the ob-Eastern Dist.
*January* 1829jects are in the hands of the debtor, that right

PARKER
*vs.*
STARKWEA
THER.

must be as effective as if they had been delivered into the possession of the creditor.

The question which these articles of our code present, is by no means free from difficulty. The tenth section of the act, entitled "an act to provide for the printing and promulgation of the amendments made to the civil code of the State of Louisiana," passed April 12, 1824, provides "that in case the code of practice should contain any provision contrary or repugnant to those of the civil code, the latter shall be considered as virtually repealed or thereby amended in that respect." *Acts of* 1824, *p.* 178.

Is the provision of the code of practice contrary to, and repugnant to that of the civil code? We are of opinion it is not. The rules prescribed for the execution of a *fieri facias*, are for ordinary cases of debt, where no special privilege existed independant of the judgment. If the debtor had pledged his tools for a sum of money, we suppose there can be no doubt of his being unable to get them back until he paid the money he had borrowed on them. The right of pledge conferred by law in favor

PARKER
*vs.*
STARKWEA-
THER.

of the lesser, must have the same effect, or the words have no meaning.

The correctness of this construction will, we think be strengthened by recurring to two other articles of our code. The 2677th art. of the Louisiana code, declares that the moveables belonging to *third persons,* found on the premises, are subject to the pledge of the lessor. The code of practice only authorises the seizure of the property of *the debtor,* under a *fieri facias* for debt in an ordinary suit. We do not suppose it could be contended that this provision deprived the lessor of his privilege, and if it does not, we do not see how the article relied on by the appellee can have that effect in relation to tools, &c.

It is necessary to remark that in this instance, the seizure was made under a writ of *fieri facias,* but the suit in which the judgment was rendered was for rent and we are of opinion, that the privilege of the lessor was not lost by the form of execution in which he sought to enforce it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the rule granted in this case be discharged at the cost of the appellee in both courts.

*Preston* for the plaintiff—*Hennen* for the defendant.